UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY RAY MAINER                                    PLAINTIFF

    vs.                    Case No. 05-2176

FAIRFAX ELEVATOR CO.                                DEFENDANT
                                                   THIRD-PARTY PLAINTIFF
                                                   COUNTER-DEFENDANT

JOE DICK BURT, d/b/a
Burt Farms                                          DEFENDANT
                                                   THIRD PARTY DEFENDANT
                                                   COUNTER-CLAIMANT

**O R D E R**

On this 30th day of March, 2006, comes on to be considered the **Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Joe Dick Burt, d/b/a Burt Farms (Doc. 19), Plaintiff's Amended Response** – which the Court construes as a **Motion to Remand (Doc. 23),** and **Fairfax Elevator Company's Responses (Docs. 20, 24)**. The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff, an Arkansas resident, initiated this action in state court against Fairfax Elevator Company (hereinafter "Fairfax"), a Missouri corporation, asserting state-law claims of product liability, negligence, and breach of warranty. Plaintiff alleged that in late 2002 and early 2003, he purchased corn to feed his dairy herd from Burt Farms, who had purchased the corn from Fairfax. Plaintiff alleged that the corn was contaminated with aflatoxins, a toxic by-product of mold growth, which caused

-1-

plaintiff's dairy herd to suffer loss of milk production, breeding problems, sickness and death. (Doc. 1 Ex. A.)

2. Fairfax removed the action to this Court on diversity-jurisdiction grounds. (Doc. 1.)

Fairfax subsequently filed a third party complaint for contribution and indemnity against Joe Dick Burt, d/b/a Burt Farms (hereinafter "Burt Farms").

Plaintiff thereafter moved to amend his complaint to add Burt Farms as a defendant. The Court granted the unopposed motion.

3. Burt Farms now moves to dismiss, asserting that plaintiff's amended complaint adding it as a defendant divested this Court of jurisdiction, as both plaintiff and Burt Farms reside in Arkansas and thus, there is not complete diversity.

In response, plaintiff "adopt[s] and incorporate[s] Burt Farms['] Motion and Brief," but requests that the case be remanded to state court rather than dismissed. (Doc. 23.)

Fairfax responds that the Court should cure the jurisdictional defect by simply dismissing plaintiff's claims against Burt Farms for lack of diversity jurisdiction, and then retain jurisdiction over plaintiff's claims against Fairfax and Fairfax's third-party claims against Burt Farms.

4. Plaintiff and Fairfax are diverse parties and, as Fairfax was the only named defendant at the time this action was removed, diversity jurisdiction existed at that time.

With regard to Fairfax's subsequently asserted third-party claims against Burt Farms, the Court had supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

The Court, however, was divested of subject matter jurisdiction when plaintiff amended his complaint to add claims directly against Burt Farms, as Burt Farms is a non-diverse defendant and supplemental jurisdiction does not extend to claims asserted by a plaintiff against a party originally brought into an action as a third-party defendant. See 28 U.S.C. § 1367(b).

While Fairfax argues that the Court should cure the jurisdictional defect by dismissing plaintiff's claims against Burt Farms, this is not an option. Under 28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Fairfax did not object to plaintiff's motion to amend his complaint adding Burt Farms as a defendant and the Court therefore granted the motion. Even if Fairfax had objected to the motion to amend, the Court would have nevertheless granted it, as plaintiff has valid claims against Burt Farms, plaintiff promptly sought to amend, and plaintiff would be prejudiced by having to pursue his claims against Burt Farms in a parallel state court action. See Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (detailing factors to be considered under § 1447(e) in deciding whether to grant leave to amend). The Court therefore

concludes that the amendment adding Burt Farms as a defendant was proper, and, under § 1447(e), the Court is required to remand the case to state court. See ARE Sikeston Ltd. Partnership v. Weslock Nat'l, Inc., 120 F.3d 820, 833-34 (8th Cir. 1997); Perez v. Arcobaleno Pasta Machs., Inc., 261 F. Supp.2d 997, 1000-02 (N.D. Ill. 2003).

5. Based on the foregoing, **Burt Farms' Motion to Dismiss (Doc. 19)** is **DENIED**.

**Plaintiff's Amended Response** – which the Court has construed as a **Motion to Remand (Doc. 23)** is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Franklin County, Arkansas.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE